## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKEFELLER PHOTOS, LLC,

      Plaintiff,

      v.

EVENING TELEGRAM COMPANY
d/b/a MORGAN MURPHY MEDIA,

      Defendant.

Case No.  26-cv-00056-AMB

## ANSWER TO COMPLAINT

Defendant Evening Telegram Company d/b/a Morgan Murphy Media ("Defendant" or "Morgan Murphy Media") by and through its attorneys at Michael Best & Friedrich LLP hereby answers Plaintiff Rockefeller Photos, LLC's ("Plaintiff") Complaint as follows:

### THE PARTIES

1.     Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

**ANSWER**: Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and therefore denies them.

2.     Defendant is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located at 7025 Raymond Road, Madison, WI 53719. Defendant's agent for service of process is CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

**ANSWER**: Morgan Murphy Media admits the allegations in paragraph 2.

1

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: Morgan Murphy Media admits that Plaintiff purports to assert subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Morgan Murphy Media denies the remaining allegations in paragraph 3.

4.     This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

**ANSWER**: Morgan Murphy Media admits that this Court has personal jurisdiction over Morgan Murphy Media. Morgan Murphy Media denies the remaining allegations in paragraph 4.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

**ANSWER**: Morgan Murphy Media admits that venue is proper in this judicial district for this case. Morgan Murphy Media denies the remaining allegations in paragraph 5.

## FACTS

### I.     Plaintiff's Business and History

6.     Plaintiff is a premier provider of photography and videography in the highly competitive food and beverage industry. By offering its customers access to tens

of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

**ANSWER**: Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies them.

7.    Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

**ANSWER**: Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and therefore denies them.

## II.    The Works at Issue in this Lawsuit

8.    A professional photographer employed by Plaintiff's above-named customer created a photograph of roasted sweet potatoes in a bowl titled "SweetPotatoRoastedBowl001_ADL" (the "Work") which was allegedly infringed by Defendant as set forth herein. Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

**ANSWER**: Morgan Murphy Media admits that Exhibit A is a spreadsheet that is in writing, speaks for itself, and is the best evidence of the contents therein.  Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 and therefore denies them.

9.    The Work was registered by the above-named customer with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of each Certificate of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

**ANSWER**: Morgan Murphy Media admits that Exhibit B is a document that is in writing, speaks for itself, and is the best evidence of the contents therein.  Morgan

Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 and therefore denies them.

10. Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

**ANSWER**: Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and therefore denies them.

11. For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**ANSWER**: Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and therefore denies them.

### III.    Defendant's Unlawful Activities

12. Defendant owns and operates a communication, local journalism, news, and digital marketing company with a presence in Wisconsin, Washington, Montana, and Texas. Defendant has been in business since 1890.

**ANSWER**: Morgan Murphy Media admits the allegations in paragraph 12.

13. Defendant advertises/markets its business through its website(s) (https://morganmurphymedia.com/, https://www.kxly.com/, https://www.channel3000.com/), social media (e.g., https://www.facebook.com/KXLY4News/), and other forms of advertising.

**ANSWER**: Morgan Murphy Media admits the allegations in paragraph 13.

14. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or print media as a means of advertising, promoting, and/or marketing its business.

**ANSWER**: Morgan Murphy Media admits that the image shown in Exhibit A of the Complaint was on the website kxly.com/lifestyle/food-and-drink/sweet-potato-casseroles/article_6ac5bd45-3871-5458-8acb-ed07c3e71d23.html. Morgan Murphy Media denies the remaining allegations in paragraph 14.

15.     True and correct copies of screenshots of Defendant's website, webpage, social media, and/or print media, displaying the copyrighted Work, is attached hereto as **Exhibit "A."**

**ANSWER**: Morgan Murphy Media admits that Exhibit A is a document that is in writing, speaks for itself, and is the best evidence of the contents therein.  Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 and therefore denies them.

16.     Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff and/or its above-named customer to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or print media – even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 16.

17.     Defendant utilized the Work for commercial use.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 17.

18.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 18.

19.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer first discovered Defendant's unauthorized use/display of one or more photographs comprising the Work on January 30, 2023. Following such discovery, Plaintiff and/or its above-named customer notified Defendant in writing of such unauthorized use.

5

**ANSWER**: Morgan Murphy Media admits that it had communications with Plaintiff's counsel related to Plaintiff's alleged copyright. Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 and therefore denies them.

20.    All conditions precedent to this action have been performed or have been waived.

**ANSWER**: Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies them.

### COUNT I – COPYRIGHT INFRINGEMENT

21.    Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

**ANSWER**: Morgan Murphy Media realleges and incorporates its answers in paragraphs 1-20 as if fully set forth herein.

22.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 22.

23.    Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

**ANSWER**: Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore denies them.

24.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

**ANSWER**: Morgan Murphy Media lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore denies them.

25.      As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, social media, and/or print media.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 25.

26.      Defendant reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 26.

27.      By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 27.

28.      Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its websites ("© Copyright 2026 KXLY KXLY.com 500 W. Boone, Spokane, WA" and "© 2025 · Morgan Murphy Media"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its websites. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12–13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

7

**ANSWER**:    Morgan    Murphy    Media    admits    that    the    website https://www.kxly.com includes the following language: "© 2026 KXLY KXLY.com 500 W. Boone, Spokane, WA." Morgan Murphy Media denies the remaining allegations in paragraph 28.

29.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 29.

30.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 30.

31.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 31.

32.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 32.

33.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**ANSWER**: Morgan Murphy Media denies the allegations in paragraph 33.

### RESPONSE TO RELIEF REQUESTED

Morgan Murphy Media denies that Plaintiff is entitled to any relief whatsoever in this action, either as requested in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's claims, and without modifying in any way Plaintiff's burden of proof with respect to those claims, Morgan Murphy Media states as follows:

As an initial matter, Morgan Murphy Media reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case. Morgan Murphy Media asserts specifically the following affirmative defenses.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Morgan Murphy Media does not infringe and has not infringed any copyright of Plaintiff, including the copyright at issue for Plaintiff.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by fair use pursuant to 17 U.S.C. § 107. Any alleged use of the work at issue was undertaken for lawful purposes, including informational, editorial, and/or news-related purposes, and was transformative in nature. The alleged use involved, at most, only the amount of the work reasonably necessary for such purposes, did not supersede or substitute for the original work, and did not cause cognizable harm to the actual or potential market for the work or its value.

Upon consideration of all applicable fair-use factors, Defendant's alleged conduct constitutes non-infringing fair use as a matter of law.

## Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations pursuant to 17 U.S.C. § 507(b) because Plaintiff failed to bring its claims within three years of when Defendant's alleged unlawful actions were discovered, or with due diligence should have been discovered.

## Fifth Affirmative Defense

Morgan Murphy Media and Lakana LLC ("Lakana") entered into an agreement wherein Lakana agreed to provide images for use on Morgan Murphy Media's websites. Lakana was owned by Nexstar Media Inc. ("Nexstar"). Pursuant to that agreement, Lakana provided Morgan Murphy Media with the image that is the subject of Plaintiff's Complaint ("the Image") in 2018. In or around June 2023, Plaintiff contacted Morgan Murphy Media regarding the Image. Morgan Murphy Media reached out to Nexstar regarding the Image to determine whether Lakana and/or Nexstar licensed the Image before providing it to Morgan Murphy Media. Nexstar notified Morgan Murphy Media that use of the Image was covered by a license with Getty Images or, alternatively, was released from claims of copyright infringement related to the Image. Accordingly, Plaintiff's claims are barred in whole or in part at least by the doctrines of promissory estoppel, waiver, estoppel, unclean hands, license, and/or acquiescence.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Morgan Murphy Media did not commercially exploit the work and received no direct or indirect financial benefit attributable to the alleged use. The work did not serve as a driver of traffic, revenue, or market substitution, and any alleged use was incidental and non-exploitative. Plaintiff therefore cannot establish entitlement to disgorgement, enhanced statutory damages, or injunctive relief under 17 U.S.C. §§ 502 or 504.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff does not possess valid and enforceable copyright rights as asserted. Plaintiff has failed to establish the existence of a valid copyright in the work at issue and/or has failed to establish ownership of exclusive rights sufficient to confer standing to sue under 17 U.S.C. § 501(b). Any alleged rights are further barred or unenforceable due to defects in authorship, originality, copyrightability, registration, assignment, and/or chain of title, including the absence of a valid transfer of exclusive rights authorizing Plaintiff to maintain this action.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part for failure to join all necessary parties, including the purported owner of the copyright at issue.

### Ninth Affirmative Defense

Plaintiff's claims for equitable relief, including injunctive relief, are barred or limited by Plaintiff's unreasonable and prejudicial delay in asserting its alleged rights. Plaintiff's delay further supports the application of equitable doctrines including

11

estoppel, waiver, and acquiescence, and limits or bars Plaintiff's ability to recover damages to the extent such damages could have been avoided through reasonable diligence. Accordingly, any equitable relief is unavailable or must be denied, and any damages must be reduced or barred consistent with principles of equity and mitigation.

### Tenth Affirmative Defense

Any alleged infringement by Morgan Murphy Media, if such infringement occurred, was innocent and without knowledge or reason to know that its conduct constituted copyright infringement. Accordingly, Plaintiff is barred from recovering enhanced statutory damages, and any statutory damages must be reduced pursuant to 17 U.S.C. § 504(c).

### Eleventh Affirmative Defense

Plaintiff failed to take reasonable steps to mitigate its alleged damages, including by unreasonably delaying notice of the alleged infringement and/or failing to act promptly to prevent or limit any alleged harm. Any recovery by Plaintiff is therefore barred or reduced accordingly.

### Twelfth Affirmative Defense

Any alleged use of the copyrighted work was de minimis, trivial, incidental, and insufficient as a matter of law to constitute actionable copyright infringement.

### Thirteenth Affirmative Defense

Plaintiff is barred from recovering Defendant's profits, in whole or in part, pursuant to 17 U.S.C. § 504(b), because any alleged profits are not attributable to the

alleged infringement, and/or because any such profits must be apportioned to factors other than the copyrighted work.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse because Plaintiff has attempted to impermissibly extend or leverage its asserted copyright rights beyond their lawful scope.

### Fifteenth Affirmative Defense

Plaintiff cannot establish irreparable harm or entitlement to injunctive relief, and the balance of equities and public interest weigh against any such relief.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the alleged use of the work resulted from content supplied by a third party, Nexstar, which represented that it possessed the rights and authority to provide the image for use. Any alleged infringement was caused by Nexstar's conduct, licensing arrangements, and representations, which constitute an intervening and superseding cause. Plaintiff's failure to pursue or join the party responsible for sourcing and licensing the image further bars or limits Plaintiff's claims, including any claim for enhanced damages or equitable relief.

Dated this 4th day of March, 2026       Respectfully submitted,

**MICHAEL BEST & FRIEDRICH LLP**

/s/ Tanya M. Salman
Tanya M. Salman, WI Bar 1089151
One South Pinckney Street, Suite 700
Madison, WI 53703
(608) 257-3501
tmsalman@michaelbest.com

*Attorneys for Defendant, Evening Telegram
Company d/b/a Morgan Murphy Media*

14